## WILLIAMS v. UNITED STATES.

(District Court, N. D. Georgia, N. W. D. November 26, 1923.)

### No. 89.

Army and navy ⊕⇒51½, New, vol. 12A Key-No. Series—War risk insurance; termination of policy.

Under Bulletin No. 1 of the Bureau of War Risk Insurance, issued October 15, 1917, providing that premiums should become due on the last day of each calendar month, and if not paid within 31 days thereafter, and if insured had no money due him from the United States, the insurance should terminate, where a soldier was discharged and paid in December, 1918, the premium for that month not being deducted, nor paid during the following January, his insurance terminated at the end of that month.

At Law. Action by Andrew Coleman Williams against the United States. Trial to court, and judgment for the United States.

W. Gordon Mann, of Dalton, Ga., for plaintiff.
C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

SIBLEY, District Judge. This case, being a claim against the United States for a sum not exceeding $10,000, was tried before the judge, without a jury. I find the material facts to be as follows:

On October 2, 1918, Edward Williams obtained a certificate of war risk insurance for $10,000, with his father, the petitioner, named as beneficiary; that certificate reciting upon its face that:

"Subject to the payment of the premiums required, this insurance is granted under the authority of an act amending 'An act entitled "An act to authorize the establishment of a Bureau of War Risk Insurance in the Treasury Department," approved September 2, 1914, and for other purposes,' approved October 6, 1917, and subject in all respects to the provisions of such act, of any amendments thereto, and of all regulations thereunder, now in force or hereafter adopted, all of which, together with the application of this insurance, and the terms and conditions published under authority of the act, shall constitute the contract."

Bulletin No. 1 of the Bureau of War Risk Insurance, in defining the terms and conditions of the contracts issued, published October 15, 1917, provided as to premiums as follows:

"Premiums shall be paid monthly on or before the last day of each calendar month, and will, unless the insured otherwise elect in writing, be deducted from any pay due him from the United States, or deposited by him with the United States, and, if so to be deducted, a premium when due will be treated as paid, whether or not such deduction is in fact made, if upon the due date the United States owe him on account of pay or deposit an amount sufficient to provide payment, provided that the premium may be paid within 31 days after the expiration of the month, during which period of grace the insurance shall remain in full force. If any premium be not paid, either in cash or by deduction as herein provided, when due or within the days of grace, this insurance shall immediately terminate, but may be reinstated within six months upon compliance with the terms and conditions specified in the regulations of the bureau."

Edward Williams is shown by his pay settlements to have paid $6.70 for each of the months of October and November. On December 7,

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1918, he was discharged from the army, accepting $19.75 in full settlement of the amount due him to that date; no deduction being made for the insurance premium for the month of December. On December 17th a regulation was issued by the bureau, in part as follows:

"When a person insured under the provisions of the War Risk Insurance Act leaves the active military or naval service for reasons not precluding the continuation of insurance, the monthly premium which, had he remained in the service, would have been payable on the last day of the calendar month in which his discharge was effective, will be payable on the 1st day of the calendar month following the date of his discharge, and thereafter monthly premiums shall be payable on the 1st day of each calendar month. The premium payable on the 1st day of any calendar month may, however, be paid at any time during such month. If the premium is not so paid, the insurance shall lapse and terminate."

Edward Williams made no further payments upon his insurance, and was killed on the night of February 1, 1919, about 12 o'clock. After his death a notice was received of premiums due for the months of January and February, $6.70 each.

The contention made by the government is that under the regulation of December 17, 1918, the premium for December, which would have become due had Williams remained in the service, on December 31st, became due on January 1st, and might have been paid any time during the month of January, but, not having paid within that month, the policy lapsed at midnight on January 31st. The petitioner contends that this regulation, issued after the discharge of Edward Williams from the service, and not having been communicated to him, could not affect the terms of his contract of insurance. This question need not be determined, in my opinion, because, if the regulation of December 17, 1918, be not applicable, the provisions of Bulletin No. 1 would be still of force, and under those provisions the premium for December was payable on or before the last day of that month. This means that, while Edward Williams might have paid it on any day in December, it was not due and demandable until the 31st day. When he was discharged on December 7th, there was no premium due which could have been deducted from his pay by the government. The language is, "If upon the *due date* the United States owe him." On the due date, December 31st, the United States did not owe Edward Williams, but had settled with him in full. In point of fact he had not paid the December premium, and the terms of the regulation would not authorize him to suppose that it had been deducted on December 7th. By the further terms of Bulletin No. 1, 31 days were allowed after the expiration of the month of December; but, since January contained 31 days, again the time expired at midnight on January 31st. Under either set of regulations, therefore, the policy must have expired on that date, and it is so held. There was no liability under it on the night of February 1st.

Whereupon it is considered and adjudged that the United States recover of the petitioner, Andrew Coleman Williams, the sum of $——— costs.