## UNITED STATES v. HILL.*

Circuit Court of Appeals, Ninth Circuit.
July 1, 1929.

No. 5762.

Anthony Savage, U. S. Atty., of Seattle, Wash. (James O'C. Roberts and James T. Brady, Attys. U. S. Veterans' Bureau, both of Washington, D. C., of counsel); for the United States.

*Rehearing denied July 29, 1929.

W. G. Beardslee and Graham K. Betts, both of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. The plaintiff and appellee was in the military service of the United States from and after July 25, 1918, and was honorably discharged March 14, 1919. On May 28, 1919, while in civilian status, he was kicked in the head by a horse, and as a result was totally and permanently disabled. Upon enlisting the appellee took out a policy of war risk insurance for $10,-000 and it is upon that policy that he predicates this action against the government. The sole question involved is whether or not the injury occurred before the policy lapsed. Eight premiums were deducted from the appellee's monthly pay; the last deduction being on the day of discharge. If eight premiums paid for eight months insurance, the period paid for expired March 25, 1919. Appellee's position is that the premium payable March 25 was deducted March 14 on his discharge; that by a regulation of the Treasury Department adopted October 15, 1917, relating to monthly insurance premiums of persons who had left the service the payment of the premium due March 25, 1919, was postponed to April 1, 1919; that therefore the payment deducted March 14, 1919, paid premium due April 1, and that no other or subsequent payment was due until May 1, 1919; that therefore the period of grace runs from May 1, 1919, to the end of that calendar month; and that his injury occurred during that period of grace, to wit, on May 28. This reasoning was adopted by the trial court, and judgment was rendered in favor of appellee and against the government.

One of the primary questions is, When did a premium become due under the war risk insurance policy? A witness for the government fixed the dates of payment to appellee as September 2, when two months payments of insurance were deducted, October 2, November 10, December 15, December 31, February 1, March 21, on each of which one monthly premium was deducted. The first premium payment being for two months, the appellee paid 23 days in advance; this was continued on October 2 when he was still 23 days in advance; on November 10 he was 15 days in advance; on December 15 he was 10 days in advance; on December 31 he paid to January 25 and was 25 days in advance; on February 1, he was again 24 days in advance. The next pay day was deferred to his discharge March 14, when he no doubt was paid for six weeks' service and only one month's premium subtracted. That is the month's premium that would have been deducted about February 28. The premium thus deducted had been paid and discharged by set-off at the due date of appellee's pay in the last part of February. This is made clear by Treasury Bulletin No. 1 promulgated October 15, 1917, as follows: "Premiums shall be paid monthly on or before the last day of each calendar month and will, unless the insured otherwise elects in writing, be deducted from any pay due him/her from the United States or deposited by him/her with the United States, and, if so to be deducted a premium when due will be treated as paid, whether or not such deduction is in fact made, if upon the due date the United States owe him/her on account of pay or deposit an amount sufficient to provide the premium, provided that the premium may be paid within 31 days after the expiration of the month, during which period of grace the insurance shall remain in full force. If any premium be not paid, either in cash or within the days of grace, this insurance shall immediately terminate. * * * *"

According to this rule the monthly premium of the appellee was due "on or before the last day of the month." That is to say, by applying for and receiving his policy July 25 he fixed his liability to pay his premium 24 or 25 days in advance of the period when the monthly premium was fully earned. This it will be observed, as above stated, was in accordance with the practice of the government in the case of appellee. This premium was treated as paid as soon as due, that is, on the last day of the calendar month. For the purpose of measuring the rights of the appellant and appellee on the policy the premium due February 28 was deemed paid on that date, although he did not receive the balance of his February pay until March 14 or 18 when he was discharged. No other premium was then due. This next, and March, premium was due on the last of March, but by special order the due date was postponed until the first of the next calendar month by Treasury Decision No. 29 W. R. promulgated December 17, 1918, as follows: "(1) When any person insured under the provisions of the war risk insurance act leaves the active military or naval service for reasons not precluding the continuation of insurance, the monthly premium which, had he remained in the service, would have been payable on the last day of

the calendar month in which his discharge was effective, will be payable on the first day of the calendar month following the date of his discharge, and thereafter monthly premiums shall be payable on the first day of each calendar month. The premium payable on the first day of any calendar month may, however, be paid at any time during such month. If the premium is not so paid, the insurance shall lapse and terminate. * * * "

It will be noted that this regulation postponed the due date of the premium only 1 day, fixing the first day of the next calendar month, instead of "on or before" the last day of the month, as the due date of the premium, and instead of 31 days grace thereafter fixed the last day of that month (29 or 30 days thereafter) as the last day of grace, which would give the same amount of grace as before, lacking one day in the 30-day months. It follows that the premium deducted from appellee's pay March 14 was the premium due February 28, and that as to the premium due thereafter on March 31, its due date was postponed until April 1, and that the period of grace expired April 30, and that therefore the policy had lapsed when the appellee was so grievously injured. This view accords with that of Judge Sibley of the District Court of the Northern District of Georgia (Williams v. United States, 293 F. 646) and with the uniform practice of the government, according to the testimony of Vernon S. Auld, Chief of the Insurance Accounts Division of the United States Veterans' Bureau.

Judgment reversed.