### ALASKA PACIFIC FISHERIES v. TERRITORY OF ALASKA. *

(Circuit Court of Appeals, Ninth Circuit. September 5, 1916.)

No. 2731.

1. LICENSES ⬤⇒32(2)—LICENSE TAXES—CIVIL ACTION.
    While Act Alaska May 1, 1913 (Laws 1913, c. 52), provides no civil action for the recovery of license fees imposed, such action is provided for by the subsequent Act April 29, 1915 (Laws 1915, c. 76), thus license fees due under the original act may be recovered by civil action.

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. § 66; Dec. Dig. ⬤⇒32(2).]

2. STATUTES ⬤⇒47—LICENSE TAX—VALIDITY.
    Act Alaska May 1, 1913, imposing license taxes on fisheries computed on the output, provides, in section 3, that any person doing or attempting to do business in violation of the act without having first paid the license required shall be deemed guilty of a misdemeanor and shall be fined. *Held*, that as statutes should receive a reasonable construction, and as the doing business without a license is the essential thing prohibited, the statute must be construed, payment in advance being impracticable, as requiring an application for license before the licensee does business and

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 9, 1916.

a subsequent payment and as so construed is not so uncertain as to be incapable of enforcement.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 47; Dec. Dig. ⮑47.]

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Action by the Territory of Alaska against the Alaska Pacific Fisheries, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

This is an action brought to recover taxes claimed to be due under the act of the territorial Legislature of Alaska for prosecuting the business of fishing for and canning salmon in Alaska between August 1 and December 31, 1913, during which period plaintiff in error canned various quantities of salmon.

The contention of the territory is that by an act of the Alaska Legislature approved May 1, 1913, there became due to the territory $769.48, payable on or before January 15, 1914, and the sum of $2,488.89, with interest, alleged to be due for failure on the part of the plaintiff in error to take out a license to carry on the business of taking and canning salmon during the year 1914; the tax being alleged to be due before January 15, 1915.

Judgment was entered in favor of the territory after demurrer had been overruled and defendant had elected to stand upon the demurrer.

Hellenthal & Hellenthal, of Juneau, Alaska, for plaintiff in error.

J. H. Cobb, Chief Counsel for the Territory of Alaska, of Juneau, Alaska, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The questions presented are: (1) Does the act of the territorial Legislature of 1913 (Laws 1913, c. 52), which establishes a system of taxation, creates revenue, and provides for collection thereof, for the territory of Alaska, and for other purposes, create any civil liability? (2) Does this act just referred to, taken in connection with the subsequent act of the Legislature of Alaska passed in 1915 (Laws 1915, c. 76), provide for any civil remedy? (3) Is the act of the territorial Legislature of 1913 valid? (4) Can plaintiff in error be held liable in view of the provisions of the act of Congress of June, 1906 (Act June 25, 1906, c. 3547, 34 Stat. 478)?

[1] Counsel for plaintiff in error, in their opening brief, devote much attention to the argument that the act of the Alaska Legislature of May 1, 1913, creates no civil liability, and invoke the ruling of this court in United States v. Jourden, 193 Fed. 986, 113 C. C. A. 606; but under the conditions existing in the present case we do not regard that case as controlling. There the court held that a civil action by the United States would not lie to recover the wholesale fee of a retail liquor dealer who was selling at wholesale in violation of the statute, the court resting its decision upon the ground that a civil action could not be brought because there was no provision, express or implied, in the statutes of Alaska, for the recovery of the license fee by civil action. The case is to be distinguished, in that by the act of the Legislature of Alaska of 1915 there is a civil remedy for the collection of the license tax due under the revenue act of 1913 which is

effectual, as we have pointed out in Alaska Mexican Gold Mining Co. v. Territory of Alaska, 236 Fed. 64, —— C. C. A. ——, No. 2727.

[2] As to the points that the act is invalid because it is indefinite and uncertain and incapable of enforcement, we need add but little to what was said in the case of Alaska Mexican Gold Mining Co. v. Territory of Alaska, supra. A careful reading of section 3 of the act of 1913, which provides that any person doing, or attempting to do, business, in violation of the provisions of the act, or without first having paid the license therein required, shall be deemed guilty of a misdemeanor and, upon conviction, shall be fined, demonstrates that, when it is considered with the other sections of the act, the doing of business without a license was the essential thing to be prohibited. Where the license called for could be paid in advance, of course it was plainly the mandate of the law that it should be; but, where it could not be so paid because of the indeterminate nature of the amount of the license taxes, obviously the procedure for exacting payment for the license in advance would practically be impossible of application. Hence a construction of the statute whereby payment in advance must be made would make the law absurd. The rule, however, is too often announced that statutes shall receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or absurd conclusion. Lau Ow Bew v. United States, 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340; Holy Trinity Church v. United States, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; Henderson v. Mayor, 92 U. S. 259, 23 L. Ed. 543; Oates v. National Bank, 100 U. S. 239, 25 L. Ed. 580. This can be done in the present case by simply giving that reasonable effect to the language of the act which will carry out its unmistakable purpose to compel persons doing any of the businesses enumerated in the statute to apply for a license before doing business and to pay the license tax in advance, if it can be fixed in amount; or, if it cannot be so determined until after a period, then payment is to be deferred until determination can be had. And as the obligation to pay became fixed, and remedy for its enforcement by civil action was granted by the act of 1915, we think the court was correct in holding the law to be valid and the collection enforceable.

In respect to the constitutionality of the law, we shall follow the rule laid down in Alaska Pacific Fisheries v. Territory of Alaska (No. 2709) 236 Fed. 52, —— C. C. A. ——.

The judgment of the District Court is affirmed.