## PIONEER PACKING CO. v. UNITED STATES.

### No. 8794.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1938.

Walter H. Hodge, of Cordova, Alaska, for appellant.

J. W. Kehoe, U. S. Atty., of Seward, Alaska, and Warren A. Taylor, Asst. U. S. Atty., of Cordova, Alaska, for the United States.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Review is sought of a judgment levying a fine against appellant after its conviction of engaging in a salmon cannery business in Alaska without a license, contrary to the applicable statute.

Section 176, Comp.L. of Alaska, 1933, provides that any corporation prosecuting the business of salmon canneries in Alaska "shall first apply for and obtain license so to do from a district .court * * * in said Territory, and pay for said license" the sum of "four cents per case." Section 178 provides that a violation of § 176 is a misdemeanor "and upon conviction thereof [the defendant] shall be fined, for the first offense, in a sum equal to the license required for the business * * *"

On October 14, 1935 an information containing six counts was filed charging that appellant had violated § 176 by maintaining a salmon cannery in 1931 and 1932. Appellant was convicted but a motion for new trial was granted. Thereafter an amended information was filed, containing six counts. The first two counts charged that appellant operated a salmon cannery at Cordova without a license "in and during the year 1931", but they are not here involved. The third and fourth counts charged that appellant operated a salmon cannery at Cordova without a license "in and during the year of 1932". The fifth and sixth counts charged that appellant operated a salmon cannery at Kukak Bay without a license "in and during the year of 1932".

Appellant than filed a special plea in bar, alleging that the prosecution of the offenses charged in the several counts was barred by Comp.L. of Alaska, 1933, § 5158, which provides in part: "No person shall be prosecuted, tried or punished for any offense, not capital * * * unless * * *

548

the information is instituted within three years next after such offense shall have been committed \* \* \*"

In support of the plea appellant alleged that the acts constituting the offenses charged in the third and fourth counts were committed between May 11, 1932 and August 3, 1932; and that the acts constituting the offenses charged in the fifth and sixth counts were committed between June 10, 1932 and August 26, 1932.

The evidence disclosed that the fishing season for salmon is open between specified dates as fixed by regulations promulgated by the Secretary of Commerce; that appellant executed an application for a license for its Cordova plant on December 16, 1931, and for its Kukak Bay plant on May 28, 1932; that after the closing of the fishing season, appellant would put away its gear and boats for the winter, ship the packed salmon and close its plants; that the Cordova plant was closed on August 12, 1932; and that the Kukak Bay plant was closed on September 7, 1932. The evidence also disclosed that appellant's president executed two affidavits on January 10, 1933, which contained the number of cases of packed salmon at the two plants. It was further disclosed that appellant, for about two years prior to September 19, 1935, did not have an agent in the Territory upon whom service of process could be made, as provided in Comp.L. of Alaska, 1933, § 5255.

The court below held: "The Statute of Limitation has run against the first two Counts, but as to the other counts, operations were continued during the whole year and we have evidence of the fact. The filing of a report was part of the operations as much as the packing of the fish."

The appellant was fined $2,430.84 and costs, and appealed.

Appellee contends that execution of the affidavits was sufficient to constitute a part of the prosecution of the business of a "salmon cannery" and therefore the offenses were not barred. Appellant contends to the contrary and relies on a number of cases which consider isolated transactions, regarding "carrying on" of a business. While performance of one act alone might not be sufficient to constitute doing business, we have many acts here, followed by one connected with the former acts.

We may asume, as appellant argues, that being a continuing offense, the statute begins to run from completion of the last act or series of acts which constitute the offense. Cf. United States v. Irvine, 98 U.S. 450, 25 L.Ed. 193. The statute requires a license for the prosecution of the business of a salmon cannery. The statute means, we think, that application for the license must be made before actually packing the fish, and paying the tax specified after the packing is done. Cf. Alaska Pacific Fisheries v. Territory of Alaska, 9 Cir., 236 F. 70, 72. We think it is obvious that the business of a salmon cannery consists of many things other than the deposit of salmon in cans. For example, the shipping, sales, bookkeeping and stenographic work are all parts of the business. The drawing of a check in order to pay employees would be a part of the business transaction. We think execution of the affidavits was sufficient to show that appellant was still prosecuting the business on January 10, 1933.

Appellant argues that since the affidavits were sent from the State of Washington to the clerk of the court in Alaska, that act was insufficient to constitute doing business by it in Alaska, and relies on Bamberger v. Schoolfield, 160 U.S. 149, 167, 16 S.Ct. 225, 40 L.Ed. 374. In that case a maker of a note in Alabama sent it to a Memphis company in Tennessee where it was discounted and the proceeds placed to the maker's credit. It was said that by that act the Memphis company had not engaged in business in Alabama. (page 167, 16 S.Ct. 225). Such is not the question here. Were we confronted with the question as to whether or not acceptance of the affidavits by the Alaska officers constituted doing business in Washington, the cited case would require further consideration. Here, appellant performed an act which was part of its business. The fact that the act was done by mail, rather than through a resident agent, should not, we hold, exempt it from paying the fee required by law. Appellant was prosecuted for failure to pay the fee required by law, rather than for the filing of affidavits.

In view of this conclusion it is unnecessary to consider appellee's contention that the statute of limitations was tolled during the time there was no resident service agent of appellant in Alaska, by virtue of Comp.L. of Alaska, 1933, § 3365, which provides that a statute of limitations does not run while a defendant is not in the Territory.

Affirmed.

HEALY, Circuit Judge (concurring).

Since the amount of the license tax exacted from those operating salmon canneries depends on the number of cases packed, it is not feasible to pay the required tax or to obtain the license in advance of the operation. It is conceded that the administrative practice under the statute, as applied to this type of enterprise, is to make application for the license before the operation begins, and to report the quantity of the pack and pay the license tax after it is concluded. This is a proper and sensible construction of the statute. Compare Alaska Pacific Fisheries v. Territory of Alaska, 9 Cir., 236 F. 70, 72.

Appellant followed the approved practice during the year in question. It made application for a 1932 license for its Cordova plant on December 16, 1931, and for its Kukak Bay plant on May 28, 1932. No criminal prosecution for non-compliance with the statute would lie as against it until it had opportunity, after its seasonal operation had closed, to report its pack and pay the required tax. A reasonable time must be allowed it in which to do this; and the statute of limitations in respect of the offense of non-compliance with the act would not commence to run until the lapse of such reasonable time. United States v. Irvine, 98 U.S. 450, 25 L.Ed. 193.

Here, considering the nature of the enterprise and the isolated country in which it was carried on, a reasonable time in which to make the report and pay the tax could not be thought to be less than sixty or ninety days after the close of the canning season. Had a criminal prosecution been instituted against appellant as early as the 14th of October, 1932, because of its operations for the season just closed, a plea that the prosecution was premature and that appellant could not be held guilty of offending against the law until it had a reasonable opportunity to comply with it would obviously have been sustained. It is elementary that the statute of limitations as against an offense does not commence to run until such time as a criminal action lies. On its own showing, which indicates that the report of its pack made on January 10, 1933 was submitted within a reasonable time, the offense of appellant growing out of its failure to pay the tax was not barred on the date the information was filed.