## UNITED STATES v. FRICKE.

(District Court, S. D. New York. January 16, 1919.)

JUDGES ⟨Key⟩51(3)—DISQUALIFICATION TO ACT; SUFFICIENCY OF AFFIDAVIT OF BIAS OR PREJUDICE.

Where an affidavit of bias and prejudice of the judge, filed by a defendant under Judicial Code, § 21 (Comp. St. § 988), fails to state any facts supporting the charge, as required by the statute, but is based solely on refusal to grant defendant's counsel so long an extension of time to plead as requested, it is the duty of the judge to decline to act thereon.

Criminal prosecution by the United States against Albert Paul Fricke. On affidavit of bias and prejudice of judge. Application denied.

See, also, 259 Fed. 673.

Francis G. Caffey, U. S. Atty., of New York City.
Thomas J. O'Neill, of New York City, for defendant.

MAYER, District Judge. At about 11 a. m. on the 16th day of January, 1919, there was left at my chambers a letter, of which the following is a copy:

"January 15, 1919.

In re U. S. v. Fricke. Treason Indictment Filed December 6, 1918.

"Hon. Julius M. Mayer, United States District Judge. Post Office Building, New York City, Manhattan.—Dear Sir: I am filing in the office of the clerk of the United States District Court, Southern District of New York, an affidavit and certificate under section 21 of the Judicial Code, requesting that you proceed no further in the above case.

"I therefore request you, pursuant to section 20 of the Judicial Code, to make appropriate entry on the records of the court and certify an authenticated copy thereof to the senior judge for the Southern district of New York.

"Very truly yours,                                    Thomas J. O'Neill."

It appears, also, that there was filed in the office of the clerk to-day an affidavit by Albert Paul Fricke, the defendant, and a certificate by his attorney of record, Thomas J. O'Neill. These papers are as follows:

"United States District Court, Southern District of New York.

"United States of America, Plaintiff, against Albert Paul Fricke, Defendant.

"Indictment for Treason. Filed December 6, 1919. C—15-199.

"State, County, City, and Southern District of New York—ss.:

"Albert Paul Fricke, being duly sworn, says:

"I am the defendant above named. This indictment, filed December 6, 1918, charges me with the crime of treason under section 1 of the United States Criminal Code.

"I was present in the United States District Court, Southern District of New York, before United States District Judge Julius M. Mayer on January 10, 1919, at 10 a. m., when this case was called. I then heard Thomas J. O'Neill, who had been retained by my wife as counsel to defend me with reference to this indictment, state to the court that he had been retained to defend me in this case yesterday afternoon, and that he had not as yet met me, which was the fact, and that he had not sufficient time to familiarize himself with the case, and that the charge was that of treason, which is the highest crime known to the law, and that, under the circumstances, he desired a reasonable opportunity to familiarize himself with the case, and to make such applications with reference to the indictment as might be necessary, and after some discussion Judge Mayer stated, in substance, that he would only give Mr. O'Neill until next Thursday, 4 o'clock, within which to file demurrers or make motions with reference to the indictment, and that counsel should again appear before him on next Friday morning, at which time he would set the case down for argument. Mr. O'Neill then stated, in substance, that with all respect to the court he considered this time entirely inadequate in a case of this character, and the court stated that he had decided to give the defendant until next Thursday at 4 o'clock, and that Mr. O'Neill had the inalienable right to express his opinion outside of the courtroom.

"I am now being held in prison without the privilege of bail, and have been in prison since May 20, 1918, and while I am myself anxious to have my case tried at as early a date as is possible, I do not believe the court has allowed my counsel sufficient time, and indeed I am firmly convinced that the time thus limited is grossly inadequate and unjust to me and my counsel.

"I therefore make and file this affidavit that the said Hon. Julius M. Mayer, United States District Judge for the Southern District of New York, has a personal bias and prejudice in favor of the plaintiff, the government, and the facts and reasons for my belief that such bias and prejudice exists are hereinbefore stated, and I do hereby make this application that such judge shall proceed no further herein.

"This affidavit is made pursuant to section 21 of the United States Judicial Code (Act of March 3, 1911).

"Sworn to before me this 15th day of January, 1919.

"Albert Paul Fricke.

"[Seal.]          Meyer L. Cohn. Notary Public, Bronx County. #45
"Certificate filed in New York county #348.
"My commission expired March 31, 1920.

"I, Thomas J. O'Neill, counsel of record for the above-named defendant in the above referred to indictment for treason, filed December 6, 1918, do hereby certify that the above affidavit and application are made in good faith. I regret to be obliged to present such an application and affidavit, but I am utterly convinced that the time given to me by Judge Mayer is entirely inadequate and insufficient to properly protect the rights of this defendant, charged as he is by this indictment with the highest crime known to the criminal law, and inasmuch as the said judge, when I objected to said time as being inadequate, in substance stated to me that I had 'an inalienable right to express my opinion about this, out of the courtroom,' I thought that it was my duty to express my opinion in a more effective way, and particularly as the defendant believes that Judge Mayer is prejudiced in favor of the government herein, and this application is therefore made pursuant to section 21 of the Judicial Code (Act of March 3, 1911).

"Dated New York, January 11, 1919.

"Thomas J. O'Neill, Counsel of Record for Defendant."

Section 21 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1090 [Comp. St. § 988]) is as follows:

"Sec. 21. Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner

prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

The following is a brief outline of the procedure before me:

On December 6, 1918, the indictment found by the grand jury was filed. My recollection is that during that month Judge Knox was holding the criminal term, but regarded himself as disqualified to act in this case, by reason of official knowledge obtained during the time that he was an assistant United States attorney. At that time I was presiding in civil jury cases, which were being tried in room 227 of the Old Post Office Building. Therefore I received the grand jury. On December 11, 1918, the defendant was arraigned, and, in accordance with familiar procedure, the contents of the indictment' were made known to him. He appeared on that occasion with his attorney, Mr. William H. Daly. The court, as well as the assistant United States attorney, called the attention of the defendant and his attorney to the statute (Comp. St. 1918, § 1700) which provides, among other things, as follows:

"Every person who is indicted of treason or other capital crime, shall be allowed to make his full defense by counsel learned in the law; and the court before which he is tried, or some judge thereof, shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire, and they shall have free access to him at all seasonable hours." Rev. St. § 1034 (Comp. St. § 1700).

The court then stated that it would be very glad to comply with the wishes of defendant as to the assignment of counsel, and, if defendant desired counsel, the court would do all in its power to assign appropriate counsel satisfactory to defendant. The court stated that, in view of the gravity of the charge, defendant was entitled to all of the safeguards of the statute, and that the defendant would have the court's fullest assistance in such respect. The then attorney for the defendant stated that the defendant had not yet decided what he wished done in this respect, and requested that the court postpone the determination of this question until a later date, and also requested that the defendant have time within which to demur or make any motion in respect of the indictment. The defendant having entered a plea of not guilty, the court granted a leave of 20 days to withdraw said plea, within which time the defendant had full opportunity to demur or make any motion which he might be advised to make. At the same time the court stated that if, at the end of the 20 days, the attorney found that he needed further time, then that the court would extend the time 10 days further.

On the 31st day of December, 1918, the time was extended until and including January 9, 1919, within which to withdraw the plea and

demur or move as aforesaid, and on December 31, 1918, the court ordered that the matter be placed on the regular motion calendar, at which time the court asked to be advised both as to the wishes of defendant in respect of counsel to be assigned and as to whether or not he had demurred or made any motion in respect of the indictment, and, in such event, that the court would then set a date for argument.

On January 10, 1919, the attorney, Mr. William H. Daly, announced that he had withdrawn as attorney of record and that another attorney would represent the defendant. It was stated, either by Mr. Daly or Mr. O'Neill, that the defendant did not desire any counsel to be assigned to him. Mr. O'Neill then addressed the court and stated that he appeared for the defendant; that he had just recently been retained, and had not as yet seen the defendant; and, as I recall, he also stated that he had not had an opportunity to read the indictment. The court thereupon briefly pointed out the time which had elapsed and the opportunities and extensions of time which had been theretofore had, and said that in his opinion it was desirable that a case of this character should be proceeded with without undue delays. The court thereupon stated that he would further extend the time of the defendant and his new attorney until January 16, 1919, at 4 p. m., within which to withdraw the plea and demur or make any motion in respect of the indictment. The court further stated that the case would appear on the motion calendar on January 17, 1919, so that, if a demurrer was to be heard, or any motion was to be heard, the court would fix a date for such hearing.

It will thus appear that since December 11, 1918, the defendant has been represented by counsel, and although it was made plain that the last extension would expire on and including January 9, 1919, an additional extension was given in response to the request of the second attorney. Mr. O'Neill asked for a longer adjournment, which the court was of opinion should not be granted.

An examination of the affidavit filed by the defendant fails to show compliance with section 21 of the Judicial Code, or any facts setting forth any personal bias or prejudice either against defendant or in favor of the United States of America. In the certificate of Mr. O'Neill, the statement is made: "As the defendant believes that Judge Mayer is prejudiced in favor of the government herein." No such statement is made by the defendant; but, assuming the statement as having been made on behalf of defendant, no fact of any kind or description is set forth in support of the conclusion set forth in Mr. O'Neill's certificate.

Ordinarily it would be unnecessary to state that defendant is entitled to a fair and impartial tribunal, and that a judge naturally is reluctant to exercise jurisdiction in any action or proceeding where any defendant or other litigant has just grounds for believing that bias or prejudice exists against him. It is also a matter of embarrassment that under the Judicial Code it becomes necessary, in the first instance, for the judge to pass upon the affidavit and the certificate referred to in section 21 of the Judicial Code. Unpleasant, however, as the duty is, it must be performed. It manifestly would be a serious impairment

of the orderly administration of justice if a judge could be disqualified without just cause. Such a procedure would leave to the defendant or other litigant, as the case might be, the right automatically to dispense with the judge, even though no reason of the character required by section 21 were assigned.

An examination of the affidavit of the defendant shows, in effect, that the defendant was dissatisfied with the ruling of the court, which it had power and discretion to make in respect of an adjourned date. The only allegation which might have a serious import, viz. that of bias in favor of the government, is not supported by any facts set forth, either in the affidavit of defendant or in the certificate of his counsel.

The Supreme Court of the United States in Ex Parte American Steel Barrel Co., 230 U. S. 35, 33 Sup. Ct. 1007, 57 L. Ed. 1379, has construed the purpose and meaning in various respects of section 21 of the Judicial Code, and at page 43 of 230 U. S., at page 1010 of 33 Sup. Ct. (57 L. Ed. 1379), Mr. Justice Lurton, writing for the court, said:

> "The basis of the disqualification is that 'personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which the *affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice.* It was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard. This is the plain meaning of the requirement that the affidavit shall be filed not less than ten days before the beginning of the term." (Italics mine.)

With this clear statement of the Supreme Court before me, with no knowledge of any kind whatever in respect of the merits of the case, and regarding an indictment as merely an accusation, and being fully conscious that I do not entertain any personal bias or prejudice of any kind or description in the case, either against the defendant or in favor of the United States of America, I should be faithless to my duty if I permitted the affidavit and certificate filed herein to disqualify me from hearing any further proceedings in this cause which may in due and orderly course be brought before me.

Realizing the natural desire and the right of the defendant to be safeguarded in all of his rights, I may add, what in other circumstances would be entirely unnecessary, and that is that the defendant has in no way prejudiced himself because of the filing of the affidavit and the certificate of counsel herein. Also realizing that the duty cast upon me is of a delicate character, I have conferred with my associates, Judge Learned Hand and Judge Augustus N. Hand, and they each authorize me to state that they agree with the conclusion here stated. I have not conferred with Judge Knox, because of the statement made to me in court that he regarded himself as disqualified in this case for the reasons above referred to.

I must therefore decline to comply with the request contained in the letter dated January 15, 1919, addressed to me by Thomas J. O'Neill, attorney of record for the defendant.