## JOHNSON v. UNITED STATES.
### DENNIS et al. v. SAME.

District Court, W. D. Washington, N. D.
October 10, 1929.

Nos. 12653, 20016.

Wm. G. Beardslee and G. K. Betts, both of Seattle, Wash., for plaintiffs.

Lester E. Pope, of Seattle, Wash., for defendant.

BOURQUIN, District Judge. In these war risk insurance cases set for trial, motions "for a change of venue" are filed, based on affidavits evidently of "stock" form; for they are identical in language, save that in the latter the masculine pronouns of the former, where not unchanged, are in instances worked over to the feminine. The latter, omitting formal parts, is as follows:

"That the plaintiff believes that the Honorable George M. Bourquin, Judge of the above entitled Court, before whom said cause is pending, is prejudiced in favor of the defendant herein, and therefore she can not have a fair and impartial trial before said George M. Bourquin as Judge. In support of this affidavit of prejudice, affiant alleges as follows:

"That she has been informed and believes, and therefore alleges as true that the said George M. Bourquin, Judge of the above entitled Court, has expressed himself as not in favor of these cases; that he, the said George M. Bourquin believes and has said that Congress should pass an Act prohibiting the suits on war risk insurance policies; that the claimants in said suits are engaged in a concertive effort to rob the United States Treasury, and to break the Government by means of trickery and perjury, and he has further been informed and believes and therefore alleges as true that said George M. Bourquin has expressed himself as saying that none of the claimants in war risk insurance actions would recover in a trial before him as Judge so long as said claimant could raise his hand; that said Judge has further expressed himself as believing that the Government has been good to the war veterans, and that they deserve nothing more from said Government; that in view of the said

remarks by the said George M. Bourquin, the affiant believes that a fair and impartial trial before the said Judge is impossible, and that by reason of such prejudice the said Judge should be disqualified from trying this cause.

"The affiant further states that the facts herein alleged were not brought to her knowledge before October 3d, 1929, and that for that reason she could not file this affidavit of prejudice and motion for change of venue sooner.

"Affiant further says that because the said George M. Bourquin is not a regular Judge of this District she could not file her affidavit of prejudice ten days before the beginning of the term."

They are accompanied by a certificate of counsel "that he believes this affidavit and application for a change of venue has been made in good faith."

■ As no statute authorizing a change of venue in present circumstances is cited or found, the motions are denied.

It may be, however, that the intent is to invoke section 25, Title 28, USCA, which provides that: "Whenever a party to any action * * * shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated. * * * Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, * * * and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith."

■ This section invoked, it is settled law, that however false and libelous be affidavit and certificate, they cannot be even denied, and must be accepted 'as true; and if in form and substance they comply with said statute and are legally sufficient to give fair support to the charge of bias or prejudice, it is the duty of the judge to retire from the case; if they do not, it is equally his duty to proceed. See Berger v. U. S., 255 U. S. 22, 41 S. Ct. 230, 65 L. Ed. 481, and cases cited; Benedict v. Seiberling (D. C.) 17 F. (2d) 831, and cases cited.

In view of this state of the law, it is appropriate to some scan the background before analyzing the affidavits. The records of the court disclose some scores of like cases, the majority of which were filed this year on the eve of expiration of the extended statute of limitations, most of them in forma pauperis as are these at bar. Counsel for plaintiffs in the instant cases are counsel for plaintiffs in perhaps 50 of the others and have a statutory interest not exceeding 10 per cent. in any recovery. Nearly all of the cases are on the theory that though insured paid no premiums subsequent to discharge from the army in 1919, then and thereafter at all times he was and is totally and permanently disabled, and so entitled to the amount of the policy.

In a number of the cases, counsel for plaintiffs in these at bar presented to the court the usual affidavit that the case in forma pauperis, an order was necessary that the marshal "serve subpoenas without prepayment of costs therefor," and counsel moved the court accordingly.

But the form of order presented by counsel went far beyond this and included an order that the marshal "pay the fees allowed by law" to plaintiff's witnesses. Of course counsel did not inform the court of this, their sharp practice, to put it mildly, and as courts, in reliance upon the duty and integrity of counsel, must and do, without reading, sign many orders thus presented [see Ford's Case (D. C.) 9 F.(2d) 991], these orders were signed by different resident and visiting judges, the marshal paid the witnesses, and the United States was defrauded of so much money. Equally, of course, no attempt has been made to account for this vicious abuse and deception, and the proceeds have not been restored to the United States. Several of these orders were so signed by the writer, but, inspired to read one, the deceit was discovered, some orders were recalled, and an end put to counsels' thrifty strategy. The government's remedy, the discipline of counsel, may well be left to resident prosecutors and judges, or may be given future consideration.

In the last eighteen months the writer has tried some nine or ten of these cases wherein plaintiffs' counsel were these for plaintiffs in the cases at bar. All of these cases save one ended in directed nonsuits or verdicts adversely to plaintiffs, and, be it noted, in none has appeal been taken. The exception, tried to the court, was decided for plaintiff but reversed on appeal. See U. S. v. Hill (C. C. A.) 33 F.(2d) 822. Within the last two weeks four like cases came before the court, the writer presiding. In two were directed nonsuits as aforesaid, one was dismissed for want of prosecution after de-

nial of continuance sought without legal cause, and one, likewise, after the court refused to retire in the face of an affidavit alleging prejudice manifested by the rulings in and disposition of the prior cases as aforesaid. Then were filed the motions and affidavits of present consideration.

In the last analysis, the statute involved is not concerned with the actual state of mind of the judge or litigant, but only with what the latter is willing to incorporate in an affidavit and counsel to indorse. However false, there can be no denial, but the charge of personal bias or prejudice must be accepted as true. To avoid abuses, the law requires that the affidavit be of legal sufficiency. That is, that the charge be of *personal* bias or prejudice, that the facts and reasons for the charge be set out and give fair support to the accusation, and that upon its face the affidavit presents evidence of good faith. To that end mere rumors, gossip, general statements that affiant by some person is informed and believes that at some time, some place, some occasion, the judge expressed sentiments manifesting bias or prejudice, are not enough, but informant, and time, place, occasion of, and the judge's expressions, and that the bias or prejudice is *personal*, all must be set out in the affidavit. This alone will enable the affidavit to bear on its face that evidence of good faith which is necessary before it can be held to be legally sufficient. See Berger v. U. S., supra. Otherwise, the penalties of perjury and disbarment are no restraint on the litigant and counsel; for otherwise is not even a possibility of either being invoked, much less carried to successful conclusion, however false be affidavit and certificate. Here, affiants allege they have been informed and believe the writer made the statements by them counted upon. Who so informed them, when, where, and on what occasion were the statements made, are conspicuous by their absence. The affiants carefully refrain from any definite particular which might lead to detection and punishment. Moreover, the prejudice charged is not directly alleged to be that *personal*, which alone by the statute is declared to afford basis for disqualification.

It is highly probable that the counsel who repeatedly deceived the court as aforesaid attempt to do so again; that the "stock" affidavits aforesaid were by counsel prepared, read to affiants, the latter directed to sign them. They do not appear to be in good faith, are legally insufficient, and will be disregarded and stricken.

So ordered.