## UNITED STATES v. PIONEER PACKING CO.

No. 1361–Cr.

District Court of Alaska. Third Division. Seward.
Nov. 24, 1936.

Warren Taylor, Asst. Dist. Atty., of Kodiak, for plaintiff.

Walter Hodge, of Cordova, for defendant.

HELLENTHAL, District Judge.

The cause comes on for trial upon the information, containing six counts. The first count charges that the defendant corporation operated a cannery without paying the license tax required by law, that 48,905 cases of salmon were packed by the defendant corporation during the season of

1931, on which the license tax required to be paid was $1,956.20, and that $1,000 has been paid thereon, leaving the balance due of said tax $956.20.

The second count charges that during the year 1931, the defendant corporation unlawfully operated a salmon cannery without first having obtained a license, and packed 48,905 cases of salmon.

The third count alleges that during the year 1932 at Cordova, the defendant corporation packed 50,747 cases of salmon without paying a license tax thereon required by law and that the license tax on the same is $2,029.92, all of which is due and unpaid.

The fourth count alleges that the defendant corporation during the season of 1932 unlawfully operated a cannery at Cordova, without first having obtained a license and packed 50,747 cases of salmon at said cannery.

The fifth count alleges that the defendant corporation during the year 1932 at Kukak Bay, in the Kodiak Precinct, in the Third Division of Alaska, packed 10,023 cases of salmon without paying the license tax required by law; that the license tax on the said salmon is $400.92, none of which has been paid and is now due.

The sixth count alleges that during the year 1932 the defendant corporation at Kukak Bay, Kodiak Precinct, in the Third Division of Alaska, operated a cannery without first having obtained the license required by law and packed 10,023 cases of salmon at said cannery.

To the above information the defendant corporation filed a special plea in bar, in which it is alleged that the defendant is not guilty of the offenses charged in the several counts of the information, for the reason that the crimes and offenses charged in said counts of the information were not committed within the time limited by law for the commencement of an action therefor, and that the information was not instituted within the time limited by law for the prosecution of the offenses therein alleged and charged, and in support thereof sets forth that the offense charged in the

first count of the information is alleged to have been committed on and between the 1st day of June and the 30th day of August, 1931; that the offense charged in the second count of the information is alleged to have been committed between the 1st day of June and the 30th day of August, 1931; that the offense charged in the third count is alleged to have been committed between the 1st day of June and the 30th day of August, 1932; that the offense charged in the fourth count of the information is alleged to have been committed between the 1st day of June and the 30th day of August, 1932; that the offense charged in the fifth count of the information is alleged to have been committed between the 1st day of June and the 30th day of August, 1932; that the offense charged in the sixth count of the information is alleged to have been committed between the 1st day of June and the 30th day of August, 1932; and that the information was not instituted until the 14th day of October, 1935.

The plaintiff offered evidence to prove that the canneries were operated during the various years alleged in the information herein, but no specific dates of operation were testified to and that the various amounts of salmon alleged to have been packed in the information were packed by the defendant corporation during the years and at the canneries mentioned in the information herein.

Various exhibits were received in evidence. Plaintiff's Exhibit A, an application of the defendant corporation for a license to operate a salmon cannery at Kukak Bay for a period of one year from January 1st, 1932, in which defendant's agent certified "that the usual pack during one year amounts to 8,060 cases" and further certified "that at the close of the season, I will present to the above Court a detailed statement of all the cases of salmon packed at the above establishment and make payment therefor as provided by law;" which application was signed and sworn to by the defendant's superintendent, on the 28th day of May, 1932.

Plaintiff's Exhibit B, an affidavit in support of the application for a license at Kukak Bay; which affidavit sets forth

that within one year from the 1st day of January, 1932, the total pack of salmon, at 48 one pound cans per case, consisted of:

    5954 cs.   Red and King Salmon
    2381 cs.   Cohoe and Pink Salmon
    1692 cs.   Chum Salmon

during said year and no more, which affidavit was subscribed and sworn to on the 10th day of January, 1933.

Plaintiff's Exhibit C, an affidavit in support of an application for license, in which it is certified that the total pack of the defendant corporation, at Cordova, Alaska, for one year from January 1st, 1932, figured at 48 one pound cans per case, consisted of:

    17,328 cs.   Red and King Salmon
    26,781 cs.   Cohoe and Pink Salmon
    6,638 cs.   Chum Salmon

Which affidavit was subscribed and sworn to on the 10th day of January, 1933.

Plaintiff's Exhibit D, an application to the District Court of the Third Division, dated January 1, 1932, in which application the defendant makes application for a license for the following business—"Salmon and Clam Cannery at Cordova, Alaska, for a period of one year from January 1, 1932, and certified that the usual amount of salmon and clams packed during one year amounts to approximately 50,000 cases and certified that at the close of the season, I will present to the above Court a detailed statement of all the salmon and clams packed at the above establishment." Which application was subscribed and sworn to on the 16th day of December, 1931.

Plaintiff's Exhibit E, dated September 22, 1933, is a letter from Robert W. Taylor, Clerk of this Court, at the time, to the defendant, stating that the records show that defendant is delinquent in salmon pack returns for Cordova Cannery for the years 1931 and 1932, and that defendant is delinquent in returns for Kukak Bay Cannery for 1932 and

encloses affidavit forms which are to be used in making remittances.

Plaintiff's Exhibit F, a letter from the defendant corporation to Robert W. Taylor, Clerk, dated October 14, 1933, acknowledging receipt of the letter of the 22nd, ult., stating that it should be possible to comply with his request in the near future and assuring him that this will be done at the earliest possible moment.

Plaintiff's Exhibit G, a letter from the defendant corporation to J. W. Kehoe, United States District Attorney for the Third Division, a copy of which was sent to the Clerk of the Court at Valdez, which letter was dated May 3rd, 1934, states "that it has been unavoidable and unfortunately this company has no income at this time. It is tied up as indicated in our letter of April 6th." "We will have to take care of this tax in small payments, a check for $500 is enclosed. Additional payments will be forwarded within 30 days—we will try very hard to make it not less than $1000 and we feel very sure that the entire amount can be taken care of within a reasonable time."

Testimony was also offered that during a great part of time intervening between the operation of the canneries, as shown by this evidence, and the commencement of suit, the service agent appointed by the defendant corporation was not a resident of the Territory of Alaska and that there was no service agent of the defendant corporation until a few days before the commencement of this cause.

Licenses to canneries in the Territory of Alaska are to be issued by the Clerk of the District Court, Sec. 177, C.L.A. 1933: *"Clerks of the District Court to issue licenses.* The licenses provided for in this chapter shall be issued by the Clerk of the District Court or any subdivision thereof in compliance with the order of the court or judge duly made and entered; and the clerk of the court shall keep a full record of all applications for licenses and of all recommendations for and remonstrances against the granting of licenses and of the action of the court thereon; provided, that the

Clerk of said court and each division thereof shall give bond or bonds in such amount as the Secretary of the Treasury may require and in such form as the Attorney General may approve, and all moneys received for licenses by him or them under this chapter shall, except as otherwise provided by law, be covered into the Treasury of the United States, under such rules and regulations as the Secretary of the Treasury may prescribe."

Sec. 178, C.L.A.1933: *"Penalty for doing business without license.* Any person, corporation or company doing or attempting to do business in violation of the provisions of the foregoing sections or without having first paid the license therein required, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined, for the first offense, in a sum equal to the license required for the business, trade or occupation; and for the second offense, a fine equal to double the amount of the license required; and for the third offense, three times the license required and imprisonment for not less than thirty days nor more than six months; Provided, that each day business is done or attempted to be done in violation of the preceding sections shall constitute a separate and distinct offense."

Sec. 180, C.L.A.1933, 48 U.S.C.A. § 230: *"License tax on salmon fisheries.* Every person, company, or corporation carrying on the business of canning, curing, or preserving fish or manufacturing fish products within Alaska, or in any of the waters of Alaska over which the United States has jurisdiction, shall, in lieu of all other license fees and taxes therefor and thereon, pay license taxes on their said business and output as follows: Canned salmon, 4 cents per case; pickled salmon, 10 cents per barrel; salt salmon in bulk, 5 cents per one hundred pounds; fish oil, 10 cents per barrel; fertilizer, 20 cents per ton."

Sec. 181, C.L.A.1933, 48 U.S.C.A. § 230: *Salmon tax; how collected.* The payment and collection of such license taxes shall be under and in accordance with the provisions of the act of March 3, 1899 (chapter 429, Thirtieth Stat-

utes, page 1253), entitled 'An Act to define and punish crimes in the District of Alaska, and to provide a code of criminal procedure for the district,' and amendments thereto."

From the foregoing it will be observed that it was impracticable if not impossible for defendant corporation to procure licenses to operate canneries in advance because the law provides that the case tax shall be paid at the time the license is issued and before the fish are canned. Since the law provides that an application is to be made for this license, a practice has been established generally throughout the Territory and particularly in the Third Division, for the canneries to make application for licenses before the beginning of the canning season, in which they set forth the approximate amount of salmon to be packed and agree to furnish an affidavit containing a detailed statement of the salmon packed at the close of the season. Under this practice the canneries are allowed to pack the salmon and operate their canneries during the season.

The evidence in this case shows that no affidavit was made by the defendant corporation as to the amount of fish packed by it during the year of 1931, but the defendant corporation did file affidavits of the amount of its pack during the year 1932, which affidavits were introduced in evidence, Plaintiff's Exhibit B and Plaintiff's Exhibit C, which were subscribed and sworn to on the 10th day of January, 1933. It does not appear and is not in evidence when these affidavits in support of applications for licenses were filed with the Clerk of the Court. It is, however, certain that they could not have been filed before they were sworn to, and, therefore, were filed after January 10th, 1933. The applications and affidavits are for the whole of the year 1932. Suit was brought on October 14th, 1935, within the three years.

Further, the court is of the opinion that the allegations of the information in regard to the duration of

cannery seasons which are alleged to have opened on or about a certain date and closed on or about a certain date, are not such allegations that would prevent the plaintiff from proving other dates. That the applications for licenses in each case and affidavits in support thereof are for one year from the 1st of January, and that the allegations in the special plea of the defendant, setting forth the statute of limitations, stating that in the information it is alleged to have been committed between the 1st day of June and the 30th day of August are insufficient and mere conclusions and not statements of facts. Therefore, the court is of the opinion that the special plea in bar should be overruled for the reason given above, and that the defendant corporation is guilty as charged in the various counts of the information herein.

The plaintiff's attorney may prepare findings of fact and conclusions of law.