## FIELDCREST DAIRIES, Inc., v. CITY OF CHICAGO et al.

### No. 316.

District Court, N. D. Illinois, E. D.

April 15, 1939.

Gariepy & Gariepy, of Chicago, Ill., for plaintiff.

Barnet Hodes, Corp. Counsel, City of Chicago, and Charles P. Horan and Walter V. Schaefer, Asst. Corp. Counsel, City of Chicago, all of Chicago, Ill., for defendants.

WOODWARD, District Judge.

On March 22, 1939 the plaintiff filed a motion in this cause moving the Court for "a change of venue", and with the motion an affidavit of the President of plaintiff corporation was also filed. The Court treats the motion and the affidavit as a disqualifying affidavit filed in attempted compliance with Section 21 of the Judicial Code, 28 U.S.C.A. § 25, which, so far as material, reads as follows: "Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein * * *. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. * * * and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith."

The principles applicable to an application of this kind are well-settled and, so far as material to this application, may be summarized as follows:

(1) However false, libelous and scurrilous the affidavit and certificate may be, the allegations therein cannot be denied and must be accepted as true.

(2) If in form and substance the affidavit and certificate complied with the statute above quoted and are legally sufficient to give fair support to the charge of bias or prejudice, it is the duty of the judge to retire from the case.

(3) If, on the other hand, the affidavit and certificate are insufficient, it is equally the duty of the judge to proceed.

(4) The attacked judge has the duty to pass upon the sufficiency of the affidavit and certificate.

(5) The affidavit must charge that the judge has a personal bias or prejudice either against affiant or in favor of any opposite party to the suit.

(6) The affidavit must state facts and reasons for the belief that such personal bias or prejudice exists.

(7) "The facts as stated, as relied upon to show personal bias or prejudice, must be sufficient to fairly convince a sane and reasonable mind that such attitude on the part of the attacked judge exists." Benedict v. Seiberling, D.C., 17 F.2d 831, 836—Judge Killits.

(8) The affidavit must be strictly construed and the terms of the statute strictly followed.

The foregoing principles are settled by a long line of decisions of the Supreme Court, the Circuit Courts of Appeal and of the District Courts. Among the decisions may be cited: Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Simmons v. United States, 5 Cir., 89 F.2d 591; Johnson v. United States, D.C., 35 F.2d 355; Ex parte N. K. Fairbank Co., D.C., 194 F. 978; Duncan v. United States, 9 Cir., 48 F.2d 128; Saunders v. Piggly Wiggly Corp., D.C., 1 F.2d 582 and other cases that it is unnecessary to cite.

With these principles in mind let us examine the affidavit. The affiant states that he is President of the Fieldcrest Corporation. The material parts of the affidavit charging a bias and prejudice on the part of the presiding judge are as follows:

"2. Affiant states that the Honorable Charles E. Woodward, before whom the above action is to be tried or heard, has a personal bias or prejudice in favor of the defendants herein, particularly the City of Chicago, and the facts upon which affiant bases said allegation of prejudice are as follows:

"3. The government of the defendant, City of Chicago, is controlled by the Democratic Party, one of whose leaders and controlling persons is Edward J. Kelly, Mayor of the City of Chicago; that the milk ordinance involved in this case was passed during the term of said Edward J. Kelly as Mayor of the City of Chicago and is commonly called, and in fact is so designated by the defendant members of the Board of Health of the City of Chicago and by the City of Chicago itself in the published copies of said ordinance, as the "Mayor Kelly Milk Ordinance" and said members of the Board of Health are appointed by and under the domination, direction, influence and control of said Edward J. Kelly.

"4. That said Edward J. Kelly is candidate for re-election as Mayor of the

City of Chicago, at the election to be held April 4, 1939 in said City and is the candidate of the Democratic Party for said office; and controls and dominates all of the defendants herein and all of the attorneys of said defendants; and affiant was informed on or about the 11th day of March, 1939, and verily believes, that persons and firms financially interested in preventing the sale and distribution of milk in paper containers in the City of Chicago so that they may continue to profit from the present practice and monopoly in said City of Chicago of selling milk at retail in glass bottles have paid to or for the account of said Edward J. Kelly's campaign fund, a large sum of money, the amount of which is unknown to this affiant.

"5. Affiant is informed and verily believes that said Edward J. Kelly has promised milk companies, who are competitors of the plaintiff herein, and who are distributors of milk in the City of Chicago in quantities less than gallon lots in glass milk bottles, and who are vitally interested in preventing the use by the plaintiff herein of paraffined single service paper milk bottles involved in and described in the pleadings now on file in this proceeding, that in return for said campaign contribution, he would do all in his power to prevent the plaintiff and other milk distributors who are competitors of said milk companies and who, your affiant is informed and believes, are also desirous of using paper containers for the sale and distribution of their milk and milk products, from using said containers or obtaining the rights to use any paper container for the sale and distribution of milk in said City of Chicago.

"6. That the affiant has just been informed that the Honorable Charles E. Woodward is, in matters involving the defendant, City of Chicago, under the influence and domination of said Edward J. Kelly and of the Democratic political organization in the City of Chicago of which said Edward J. Kelly is one of the controlling factors."

Tested by the above and foregoing principles the affidavit is clearly insufficient. No facts are stated therein showing any personal bias or prejudice on the part of the presiding Judge. The only place in any of the paragraphs of the affidavit quoted where the presiding judge is attempted to be disqualified is the state-ment contained in Paragraph 6 that the "affiant has just been informed" that the presiding judge "is, in matters involving the defendant, City of Chicago, under the influence and domination of said Edward J. Kelly and of the Democratic political organization in the City of Chicago, in which said Edward J. Kelly is one of the controlling factors.". By no stretch of the imagination can it be said that such an affidavit states "the facts and reasons for the belief that such bias or prejudice exists." 28 U.S.C.A. Sec. 25. At best the affidavit simply amounts to a statement that the affiant met some unknown and undisclosed individual on the street corner, or some other place, and this undisclosed unidentified individual communicated to the affiant the gossip which affiant retails in this affidavit. The affidavit even fails to state that the affiant believed the idle gossip which he retails in this affidavit. It further fails to state that it had any effect whatsoever upon his mind. Without a statement of the name of the informant, the time, the place and the occasion of the statement and of the substance of what was said and of facts supporting the conclusions stated in Paragraph 6 of the affidavit, such affidavit is clearly insufficient.

The affidavit should bear on its face some evidence of good faith. The affidavit here is so carefully and so ingeniously drawn as to permit the affiant to avoid the pains and penalties of perjury. In the language of Judge Bourquin in the case of Johnson v. United States, D.C., 35 F.2d 355, 357, "The affiants carefully refrain from any definite particular which might lead to detection and punishment."

I pass over the further question presented by the application, namely, that the affidavit was not filed in apt time. It was not filed 10 days before the term of court and the affidavit itself fails to state good cause for not filing it within the ten day period.

My duty is clear. I must refuse to certify this case to the Executive Committee for reassignment. I must continue to sit in the cause even though, were I following my personal inclination, I would gladly relinquish it.

If I had the slightest prejudice against the plaintiff or bias in favor of the defendant, it would need no affidavit to disqualify me. I would disqualify myself.

The order will be: The motion for "change of venue" and affidavit and certificate of counsel filed in connection therewith are stricken from the files.