## UNITED STATES v. PIONEER PACKING CO. et al.
### No. C–2319.

District Court of Alaska. Fourth Division. Fairbanks.
May 5, 1941.

Joseph W. Kehoe, U. S. Atty., of Seward, for plaintiff.

Walter H. Hodge, of Cordova, for defendant Pioneer Canneries, Inc.

PRATT, District Judge.

I. In the above-entitled case an affidavit of prejudice was filed, alleging that the Honorable Simon Hellenthal, judge of the Third Division of the aforesaid District Court, had a personal prejudice against the defendant Pioneer Canneries, a corporation, and in favor of the plaintiff, United States of America. Under the stipulation of the parties and the order of Judge Hellenthal, the matter was transferred to the Fourth Division for decision as to the sufficiency of said affidavit and timeliness of the filing thereof.

The pleadings show that Judge Hellenthal adjudged, in Cause No. 1361–Cr., 9 Alaska 71, wherein the United States of America was the plaintiff and the Pioneer Packing Company, a corporation, was defendant, that said Pioneer Packing Company was guilty of operating a fish cannery in the Third Division, Territory of Alaska, during the years of 1931 and 1932, without paying the license taxes required by law. A judgment in the amount of said license taxes was entered in the cause upon the 7th day of December, 1936. A motion for a new trial was filed and, while pending, the Pioneer Packing Company transferred all of its assets to the Pioneer Canneries, a corporation. On May 17, 1937, Judge Hellenthal granted the motion for a new trial and set the judgment aside, holding that the cause

of action for the 1931 license taxes had been barred by the statute of limitations. Upon retrial a judgment was entered October 16, 1937, for the 1932 taxes in the sum of $2,429.92 in favor of the plaintiff and against the said Pioneer Packing Company. This later judgment was affirmed by the United States Circuit Court of Appeals for the Ninth Circuit, October 28, 1938. 9 Alaska 411, 99 F.2d 547.

The complaint, in the present case, alleges the said claim of the United States for the taxes; the transfer by said Pioneer Packing Company of all of its assets to said Pioneer Canneries; knowledge on the part of said Pioneer Canneries that it was receiving all of the assets of the Pioneer Packing Company when said claim of the United States existed and was wholly unprovided for; that the claim and judgment of the United States are wholly unpaid and that said Pioneer Packing Company has no property out of which the judgment can be satisfied. The plaintiff seeks to impress a trust to the extent of its judgment upon the assets so conveyed to said Pioneer Canneries.

The Pioneer Packing Company has not been served and has not appeared in this action, though its name appears in the title of the cause. The complaint alleges that said Pioneer Packing Company was dissolved upon the 26th day of June, 1937.

The defendant Pioneer Canneries has set up the affirmative defense that it took the conveyance of said properties in good faith and for value. No reply has been filed to this affirmative answer.

Upon the 2nd day of December, 1940, the plaintiff filed a motion for judgment on the pleadings. Upon the 16th day of January, 1941, the affidavit of prejudice was filed by G. P. Halferty, who is the general manager and secretary of the defendant Pioneer Canneries and who was the president and secretary of said Pioneer Packing Company, the defendant in said cause No. 1361–Cr.

The affidavit alleges that Judge Hellenthal has a personal bias or prejudice against said Pioneer Canneries and has a personal bias or prejudice in favor of the plaintiff in this cause. It further sets up, as facts upon which the belief or prejudice is based, the following matters, to wit:

(a) That on or about February 3, 1936, after a hearing in said 1361–Cr., said Judge Hellenthal stated that he was going to hold the defendant for the tax if there was any way he could find to do so;

(b) That at the conclusion of the hearing on the motion for a new trial in said 1361–Cr., Judge Hellenthal stated "that he had leaned toward the plaintiff's case but might have leaned too far";

(c) That in said 1361–Cr. when Judge Hellenthal sustained the claim of the plaintiff for the 1932 tax but held the 1931 tax barred by the statute of limitations he stated "that he would have liked to have also held in favor of the plaintiff on the 1931 tax".

II. (a) The Alaska statute, Act of Congress approved January 25, 1940, 54 Stat. 16, as to affidavits of prejudice is modeled closely upon the Federal statute which was passed in 1911 and is Section 21 of the Judicial Code, Section 25, Title 28, U.S.C.A.

Section 3305, Compiled Laws of Alaska, 1933, sets forth four cases in which a judge shall not act. Said Act of Congress, approved January 25, 1940, adds a fifth division to said section in words as follows, to wit:

"Fifth. Whenever any party, or an attorney for any party, to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or his attorney or in favor of any opposite party, or attorney for an opposite party, to the suit, and that it is made in good faith and not for the purpose of delay. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed within one day after

such action, suit, or proceeding is at issue upon a question of fact, or good cause shall be shown for the failure to file it within such time. No party or attorney shall be entitled to file more than one such affidavit in any case. The provisions of this subdivision shall apply only to the District Court."

(b) Admittedly, the judge of the Fourth Division, Alaska, has exactly the same power with reference to said affidavit of prejudice as Judge Hellenthal has and no more.

In Henry v. Speer, 5 Cir., 1913, 201 F. 869, 872, it was held, with reference to the failure of the affidavit of prejudice to use the qualifying word "personal" prejudice:

"But the statute requires the use of the word, and it may not be avoided. Owing to the nature of the statute and its liability to abuse, we are inclined to hold those seeking to avail themselves of it to a strict and full compliance with its provisions. The affidavit filed below illustrates the necessity for such compliance. Its perusal reveals the facts and reasons advanced in support of the charge of bias and prejudice do not tend to show the existence of a personal bias or prejudice on the part of the judge toward petitioner but rather a prejudgment of the merits of the controversy and 'against deponent's right to recover.' Section 21 is not intended to afford relief against this situation.

"Upon the making and filing by a party of an affidavit under the provisions of section 21, of necessity there is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency. * * *."

In Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 233, 65 L.Ed. 481, the Supreme Court quoted with approval from Henry v. Speer, supra. It further said:

"Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. * * *"

"We may concede that Section 21 is not fulfilled by the assertion of 'rumors or gossip' * * *."

To the same effect is Morse v. Lewis, 4 Cir., 54 F.2d 1027, certiorari denied 286 U.S. 557, 52 S.Ct. 640, 76 L. Ed. 1291.

In United States v. Fricke, D.C., 261 F. 541, it was held that where the affidavit of prejudice was insufficient, it was the duty of the judge to disregard the affidavit and proceed as if it had not been filed.

In Benedict v. Seiberling, D.C., 17 F.2d 831, it was held: "A judge, against whom an insufficient showing for recusation has been made, owes it to his oath of office and to the litigant who has invoked the jurisdiction of the court over which he regularly presides not to withdraw from the case, however much his personal feelings may incline him to do so."

To the same effect are: United States v. Buck, D.C., 18 F.Supp. 827; United States v. Parker, D.C., 23 F. Supp. 880; Johnson v. United States, D.C., 35 F.2d 355.

■ The affidavit must assert facts from which a sane and reasonable mind may infer bias or prejudice. Keown v. Hughes, 1 Cir., 265 F. 572; Wilkes v. United States, 9 Cir., 80 F.2d 285; Fieldcrest Dairies, Inc., v. City of Chicago, D.C., 27 F.Supp. 258; Benedict v. Seiberling, D.C., 17 F.2d 831; Johnson v. United States, D.C., 35 F.2d 355.

■ (c) The affidavit must be filed within the time specified by statute and the recused judge must determine the question. Bishop v. United States, 8 Cir., 16 F.2d 410; Rossi v. United States, 8 Cir., 16 F.2d 712; Chafin v. United States, 4 Cir., 5 F.2d 592; certiorari denied, 269 U.S. 552, 46 S.Ct. 18, 70 L.Ed. 407.

■ (d) That affidavits of prejudice are to be strictly construed has been held consistently. Henry v. Speer, supra; Benedict v. Seiberling, supra; Fieldcrest Dairies, Inc., v. City of Chicago, supra.

█ (e) The affidavit must show that a personal bias exists, and the holding is that judicial bias or rulings of a judge which are the subjects of correction on appeal do not constitute personal bias. Henry v. Speer, supra; Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379; In re Equitable Trust Co. of New York, 9 Cir., 232 F. 836.

In Parker v. New England Oil Corporation, D.C. Mass. 1926, 13 F.2d 497, 498, it was stated:

"The question whether an unfavorable opinion of a party, formed and expressed by a judge in previous litigation, amounts to personal bias or prejudice within the statute, has arisen several times, and it has uniformly been held that the judge was not disqualified. Ex parte N. K. Fairbank Co. (D.C.) 194 F. 978, 992; Saunders v. Piggly Wiggly Corp. (D.C.) 1 F.(2d) 582, 584, 586; Henry v. Speer [5 Cir.] 201 F. 869, 120 C.C.A. 207. * * *

"A judicial opinion, formed upon legal evidence, * * * is not 'personal bias or prejudice' under this statute, no matter how adverse or severe it may be upon the party concerned; * * *."

In United States v. Fricke, D.C., 261 F. 541, where the affidavit of prejudice alleged that defendant's counsel had not been allowed sufficient time, it was held that such did not constitute a sufficient statement of facts.

In Wilkes v. United States, 9 Cir., 80 F.2d 285, the defendants, in a civil suit against them, set up adverse rulings of the judge in criminal prosecutions against them for using the mails to defraud. It was held that such rulings were insufficient to support a charge of personal prejudice.

In Ryan v. United States, 8 Cir., 99 F.2d 864, certiorari denied 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1037, it was stated: "A judge, to be disqualified must have a personal bias or prejudice against a party or in favor of an opposite party, and judicial rulings cannot ordinarily be made basis of charge of bias, since any error in such rulings may be corrected on appeal."

In Craven v. United States, 1 Cir., 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739, it was held that where a former trial showed the judge the defendants were guilty, it did not constitute personal bias, and the affidavit based thereon was insufficient.

In Morse v. Lewis, 4 Cir., 54 F.2d 1027–1031, the affidavit filed against the judge was: "* * * 'he is now closely socially associated with the defendant heirs, or many of them, and that he has been closely associated both socially (and) in business circles with defendant heirs for many years;' * * *".

The affidavit also gave as additional reasons the rulings of the judge adverse to Nelson V. McMullen in the prior suit.

"Counsel for the defendants opposed the retirement of the judge. Under these circumstances it was incumbent upon the court to pass upon the sufficiency of the affidavit as a ground for retirement. * * *

"The adverse rulings which he had made in the Nelson V. McMullen Case constituted the burden of the complaint in the affidavit. Such actions, however, are insufficient to support an affidavit of personal bias and prejudice and to cause the retirement of the judge. * * *

"In the pending case, the utter insufficiency of the charge of prejudice in this respect is the more apparent from the fact that all of the judge's rulings in the first suit were affirmed by this court on appeal. * * *

"Reasonably construed, the statute requires not merely the conclusion of the affiant drawn from the facts, but a statement of the facts themselves, and these should be set out with at least that particularity one would expect to find in a bill of particulars filed by a pleader in an action at law to supplement and explain the general statements of a formal pleading. * * *"

In Johnson v. United States, D.C., 33 F.2d 355, an affidavit, stating that the judge had expressed himself as bit-

terly opposed to claims on war risk insurance, was insufficient to disqualify the judge in an action on such a claim.

In Cuddy v. Otis, 8 Cir., 33 F.2d 577, it was held that a judge could not be disqualified on the sole ground of bias shown by rulings denying applications for a continuance, as the rulings were in the exercise of judicial discretion. To the same effect are Minnesota & Ontario Paper Company v. Molyneaux, 8 Cir., 70 F.2d 545, and United States v. Murphy, D.C., 19 F.Supp. 987.

■ III. (a) The statement of Judge Hellenthal first complained of, to wit, that on or about February 3, 1936, after a hearing in said 1361–Cr., said Judge Hellenthal stated that he was going to hold the defendant for the tax if there was any way he could find to do so, was made in Cause No. 1361–Cr.

The Pioneer Packing Company alone was the defendant. Pioneer Canneries, a corporation, the defendant in this action, was not a party to the other suit.

The statement was with reference to a ruling in the cause which was susceptible of review by appeal. The statement itself shows that it was made under conditions admitting that a tax was due the United States from the defendant, the Pioneer Packing Company. Under such conditions, why would not the judge, or any other right-minded citizen want to hold a defendant owing a tax to the Government to the payment of the tax?

There is no objectionable attitude on the part of Judge Hellenthal shown in that statement, nor does it tend to show any personal bias against the Pioneer Canneries.

■ (b) The second statement of alleged fact in the said affidavit of prejudice, to wit, that at the conclusion of the hearing on the motion for a new trial in said 1361–Cr., Judge Hellenthal stated "that he had leaned towards the plaintiff's case but might have leaned too far", was made in said 1361–Cr. and referred to that particular case. It was merely a self-analysis in which Judge Hellenthal postulated everything against himself.

The statement could not constitute a showing of personal bias against any defendant, much less the defendant in this case.

■ (c) The third statement attributed to Judge Hellenthal in the affidavit, to wit, that when he sustained the claim of the plaintiff for the 1932 tax but held the 1931 tax barred by the statute of limitations, he stated, "that he would have liked to have also held in favor of the plaintiff on the 1931 tax," was also made in said cause 1361–Cr.

He had just set aside his own judgment and granted a new trial, holding that the 1931 tax, though owing, was barred by the statute of limitations. This clearly showed that he was conscientiously following the law in spite of his inclination to the contrary.

What right-minded citizen would not have an inclination to hold a defendant to the payment of a tax he legally owed, where the technical defense of the statute of limitations (only recently run) was the only reason for a discharge from that liability?

Clearly, no personal bias was shown.

IV. The Alaska statute requires an affidavit of prejudice to be filed within one day after the action is at issue upon a question of fact or good cause shown for the failure to file it within such time. It further provides that the affidavit shall be filed only when "the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or his attorney or in favor of any opposite party, or attorney for an opposite party, to the suit, * * *."

■ In the answer the defendant has set up that it is a purchaser in good faith for value. No reply has been filed. The plaintiff has moved for judgment on the pleadings, which raises an issue of law, not an issue of fact. If the motion for judgment on the pleadings is bad, the plaintiff may proceed against the answer, first by motion, then by demurrer, and then by reply. The defendant is

then entitled to attack such reply by motion and demurrer before the cause is finally at issue under our Code.

The defendant urges that the Alaska statute permits the filing of an affidavit of prejudice at any time prior to the expiration of one day after the proceeding is at issue upon a question of fact.

If this interpretation were taken, the affidavit could be filed immediately after the complaint had been filed.

This would be a futile proceeding in those many instances in which the complaint fails to state a cause of action or in which the issues, when gotten into correct statement by means of motion and demurrer is admitted by the defendant; also, in those instances in which the judge of a particular Division, at the time of the filing of the affidavit, was changed to another Division or temporarily absent from his own Division at the time the case came on for trial before another judge.

Such interpretation would, likewise, fail to give effect to the wording of the statute, which specifically requires that the cause be at issue upon a question of fact before the affidavit may be filed. A cause is not at issue upon a question of fact until all permissible motions and demurrers have been waived or filed and passed upon, and the proper pleading, setting forth the claims of the respective parties, has been filed.

Consequently, this cause not being at issue upon a question of fact, there was no legal authority for filing an affidavit of prejudice, and the same does not constitute authority for the trial judge to disqualify himself.

V. (a) On January 17, 1941, Judge Hellenthal made the order referring this cause to the Fourth Division for decision upon the affidavit of prejudice. The parties, by their attorneys, stipulated that the judge of the Fourth Division might decide said question "on the order of reference of the above entitled Court, upon the written briefs of the parties hereto, and that said parties shall have ninety days within which to serve and file such briefs."

The date of the stipulation was January 30, 1941, and on the same day the attorney for the defendant Pioneer Canneries filed an affidavit of prejudice made by himself. It was entitled in this cause and was filed with the clerk of the above-entitled court in the Third Division.

Presumably, this affidavit of the attorney was filed after the stipulation above-mentioned was made, inasmuch as the stipulation made no mention of the judge of the Fourth Division considering anything except the matter referred to him by the order of reference of Judge Hellenthal, of January 17, 1941.

The affidavit of prejudice of the attorney sets forth that at a hearing upon defendant's demurrer in this cause, on September 23, 1940, Judge Hellenthal "after it was revealed to him by the allegations of the complaint that the Pioneer Packing Company had made a conveyance of its properties pending the prosecution of the case against it, after a first judgment had been rendered against it which was later vacated and pending new trial thereon * * * stated angrily at that time in substance that if the complaint showed such conveyance it was enough and that he would make things difficult for any company which would try to avoid the judgment of his court in this way."

This shows a situation where the complaint was taken as true (answer filed November 2, 1940) as required by law, and its legal sufficiency was being tested upon motion or demurrer. As the facts before the judge showed clearly an attempt to avoid the judgment of the court in an illegal manner, his point of view toward the situation was that which the law brands as correct and just. Any judge who would attempt to make it easy for any company to avoid a judgment of his court illegally would be an unfit judge.

Nothing was before Judge Hellenthal to indicate that the defendant Pioneer Canneries even claimed to be a purchaser for value and in good faith. No assumption can be made that he would classify the Pioneer Canneries as a company trying to avoid a judgment of his court illegally

if he had before him a claim by that company that it had purchased for value and in good faith.

The statement fails to show any personal bias toward the defendant Pioneer Canneries.

This affidavit was not part of the matter referred to the Fourth Division, nor was it filed after any issue of fact had arisen.

VI. The affidavits of prejudice are, therefore, insufficient, prematurely filed, and should be disregarded, said affidavits being disposed of according to the practice in such case in said Third Division.